# IN THE SUPREME COURT OF TEXAS

No. 20-0340

IN RE SALON A LA MODE, ET AL.

ON EMERGENCY PETITION FOR WRIT OF MANDAMUS

JUSTICE BLACKLOCK, joined by JUSTICE GUZMAN, JUSTICE BOYD, and JUSTICE DEVINE, concurring in the denial of the petition for writ of mandamus.

"The Constitution is not suspended when the government declares a state of disaster." *In re Abbott*, No. 20-0291, 2020 WL 1943226, at \*1 (Tex. Apr. 23, 2020). All government power in this country, no matter how well-intentioned, derives only from the state and federal constitutions. Government power cannot be exercised in conflict with these constitutions, even in a pandemic.

In the weeks since American governments began taking emergency measures in response to the coronavirus, the sovereign people of this country have graciously and peacefully endured a suspension of their civil liberties without precedent in our nation's history. In some parts of the country, churches have been closed by government decree, although Texas is a welcome exception. Nearly everywhere, the First Amendment "right of the people to peaceably assemble" has been suspended altogether. U.S. Const. amend. I. In many places, people are forbidden to leave their homes without a government-approved reason. Tens of millions can no longer earn a living because the government has declared their employers or their businesses "'non-essential.'"

Those who object to these restrictions should remember they were imposed by duly elected officials, vested by statute with broad emergency powers, who must make difficult decisions under

difficult circumstances. At the same time, all of us—the judiciary, the other branches of government, and our fellow citizens—must insist that every action our governments take complies with the Constitution, especially now. If we tolerate unconstitutional government orders during an emergency, whether out of expediency or fear, we abandon the Constitution at the moment we need it most.

Any government that has made the grave decision to suspend the liberties of a free people during a health emergency should welcome the opportunity to demonstrate—both to its citizens and to the courts—that its chosen measures are absolutely necessary to combat a threat of overwhelming severity. The government should also be expected to demonstrate that less restrictive measures cannot adequately address the threat. Whether it is strict scrutiny or some other rigorous form of review, courts must identify and apply a legal standard by which to judge the constitutional validity of the government's anti-virus actions. When the present crisis began, perhaps not enough was known about the virus to second-guess the worst-case projections motivating the lockdowns. As more becomes known about the threat and about the less restrictive, more targeted ways to respond to it, continued burdens on constitutional liberties may not survive judicial scrutiny.

Ideally, these debates would play out in the public square, not in courtrooms. No court should relish being asked to question the judgment of government officials who were elected to make difficult decisions in times such as these. However, when constitutional rights are at stake, courts cannot automatically defer to the judgments of other branches of government. When properly called upon, the judicial branch must not shrink from its duty to require the government's anti-virus orders to comply with the Constitution and the law, no matter the circumstances.

2

* * *

This original petition, which challenges several local officials' coronavirus response measures, should first be presented to the appropriate district courts. The Supreme Court is generally a court of last resort. Our original jurisdiction to issue the requested relief is doubtful, and the petition is presented without supporting affidavits and with no record on which the Court could base its inquiry. Just as other government officials must not exceed their rightful power in extraordinary circumstances, this Court also must not do so. I therefore concur in the denial of the petition.

_____
James D. Blacklock
Justice

**OPINION DELIVERED:** May 5, 2020